# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 20, 2010 Session

## STATE OF TENNESSEE v. VICTORIA NICOLE SPICER

**Appeal from the Circuit Court for Dickson County**
**No. 22CC-2008-CR-873    Robert Burch, Judge**

---

**No. M2009-02270-CCA-R3-CD - Filed October 19, 2010**

---

The Dickson County Grand Jury indicted Appellant, Victoria Spicer, for one count of theft of property worth more than $500 but less than $1,000 and one count of criminal trespass. At the conclusion of the State's proof, the State conceded that the evidence was insufficient to support a conviction for criminal trespass. At the end of trial, the jury convicted Appellant for one count of facilitation of theft, for property worth $500 or less. The trial court sentenced Appellant to six months in the county jail. On appeal, Appellant argues that her conviction cannot stand because theft of property worth $500 or less is a misdemeanor and the crime of facilitation under the statute applies only to felonies. The State concedes that facilitation of a misdemeanor is not a crime under the Tennessee statutory scheme. After a review of the record and the statute, we conclude that facilitation of a misdemeanor is not a crime under the statutes of Tennessee. Therefore, Appellant's conviction must be reversed and dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed and Dismissed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

James L. Baum, Burns, Tennessee, for the appellant, Victoria Nicole Spicer.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Dan Alsobrooks, District Attorney General, and Billy Miller, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Appellant was indicted for one count of theft of property worth more than $500 but less than $1,000 and one count of criminal trespass in connection with the theft of a ladder and a washer and dryer. On June 24, 2009, the trial court held a jury trial. At the conclusion of the State's proof, Appellant moved for a judgment of acquittal on both counts. The State conceded that there was insufficient proof to support a conviction for criminal trespass based upon the evidence presented. The trial court denied the motion with regard to the theft of property charge.

At the conclusion of the trial, the jury found Appellant guilty of the lesser included offense of facilitation of theft of property. The trial court asked what amount the jury had determined for the value of the property. The jury foreman responded, "Fine of five hundred dollars." On July 31, 2009, the trial court filed a judgment stating Appellant had been convicted of facilitation of theft of property over $500 as a Class A misdemeanor. The judgment also stated that the sentencing hearing was scheduled for August 3, 2009. On August 20, 2009, the trial court filed an amended judgment. This judgment stated that Appellant was convicted of facilitation of theft of property as a Class B misdemeanor. Appellant was sentenced to six months in the county jail.

## ANALYSIS

Appellant presents four issues on appeal. Among these arguments is that facilitation of misdemeanor theft of property is not a crime under the Tennessee statutes. The State concedes in its brief that facilitation of misdemeanor theft is non-existent in the State of Tennessee.

Appellant was convicted of facilitation of theft of property. Tennessee Code Annotated section 39-11-403, under which Appellant was convicted, sets out the elements for criminal responsibility for facilitation of a felony. The statute specifically states that to be guilty of facilitation of a felony, the defendant must know that "another intends to commit a specific *felony* . . . ." T.C.A. § 39-11-403 (emphasis added). The statute makes no reference to facilitation of misdemeanors. The plain language of the statute restricts the crime of facilitation to felonies. We have found no support for a conviction of facilitation of a misdemeanor.

Tennessee Code Annotated section 39-14-105(1) sets out that a theft of property is a Class A misdemeanor if the value of the property is $500 or less. When asked the value of the property stolen, the jury foreman responded to the trial court that the fine was $500. We can only conclude that the jury determined that the value of the washer and dryer and ladder was $500. In addition, the trial court indicated that the conviction was for a misdemeanor. The only reasonable conclusion under these facts is that Appellant was convicted of facilitation of a misdemeanor, which does not exist as a crime under our statutes.

Therefore, we must reverse and dismiss Appellant's conviction.

## CONCLUSION

For the foregoing reasons, Appellant's conviction is reversed.

_____
JERRY L. SMITH, JUDGE